IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

GAIL ANDERSON,

           Plaintiff,

    v.                                  CIVIL ACTION NO. 4:12CV176

UNITED STATES OF AMERICA,

           Defendant.

## OPINION AND ORDER

This is an action for damages brought under the Federal Torts Claims Act (FTCA) against the United States. The Court has jurisdiction pursuant to 28 U.S.C. §1346(b) and 28 U.S.C. §2674. The matter is now before the Court on a motion by the defendant for summary judgment (ECF No. 21) pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth herein, the motion is **GRANTED.**

### I.    Factual and Procedural Background

This is a personal injury action stemming from a slip and fall on June 30, 2011. The material facts are not in dispute. The plaintiff was employed at a kiosk selling products at the Base Exchange (BX) at Langley Air Force Base. At approximately 3:05 p.m., the plaintiff entered the women's restroom. The restroom consists of approximately ten stalls on the left side of the room and approximately eight sinks on the right side of the room. Additionally, there is a trashcan and paper towel rack on the wall near where the sinks begin. After entering the restroom, the plaintiff walked across the length of the room, and entered the stall farthest from the entrance. After using the restroom, the plaintiff exited the end stall and walked across the room to the closest of a line of sinks parallel to the stalls. As the plaintiff washed her hands,

Amanda King, an employee of a different store at the BX, entered the restroom. After Ms. King entered the restroom, she began to make her way to the fourth stall on the left side of the restroom. As she moved toward the stalls, Ms. King noticed a pool of clear liquid on the floor of the restroom between the stalls and the sinks. When Ms. King reached for the stall door to enter, she noticed the plaintiff standing at the sink. The plaintiff moved from the sink to a trashcan near the entrance of the restroom to throw away a paper towel, and Ms. King said hello. As the plaintiff was about to answer, she slipped and fell in the pool of liquid. After the plaintiff fell, Ms. King and another restroom patron, who was inside of a stall at the time the plaintiff fell, helped the plaintiff to her feet, and guided her to a bench outside the restroom. Plaintiff was taken to the emergency room, where she was initially diagnosed with back strain and cervical strain.

On November 22, 2011, the plaintiff presented an administrative tort claim to the Department of the Air Force, alleging damages of $45,450. On February 17, 2012, the Department of the Air Force denied the plaintiff's claim.

The plaintiff initiated this action by filing her complaint in the United States District Court for the Eastern District of Virginia on August 17, 2012 The defendant filed its answer on December 11, 2012. The defendant filed a motion for summary judgment in June 2013. The plaintiff filed her memorandum in opposition on June 18, 2013. The defendant filed its reply on June 24, 2013.

Having carefully reviewed the motion papers submitted by both sides and all the evidence of record, the Court finds this matter ripe for determination on the papers without any further hearing, pursuant to Local Civil Rule 7(J) and Rule 78(b) of the Federal Rules of Civil Procedure.

## II.      Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Id.* In deciding a summary judgment motion, the Court must view the record as a whole and in the light most favorable to the non-movant. *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.*, 763 F.2d 604, 610 (4th Cir. 1985).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and "demonstrating the absence of a genuine dispute of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251-52. The non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Where the record taken as a whole "could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) (citing *Barwick v. Celotex Corp.*, 736 F.2d 946, 963 (4th Cir. 1984)).

## III.     Analysis

As federal jurisdiction in this case is based on diversity, the law of Virginia controls. *See Erie R.R. Co. v.* Tompkins, 304 U.S. 64, 78 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Virginia

law, "negligence cannot be presumed from the mere happening of the accident. The burden is upon the plaintiff to prove that the accident was due to the negligence of the defendant as a proximate cause." *Murphy v. J.L. Saunders, Inc.*, 121 S.E.2d 375, 378 (Va. 1961). In doing so, "[i]t is incumbent upon the plaintiff to show why and how the accident happened. If that is left to conjecture, guess or random judgment, the plaintiff is not entitled to recover." *Id.*

In *Colonial Stores Inc. v. Pulley*, 125 S.E.2d 188 (Va. 1962), the Supreme Court of Virginia concisely stated the rules applicable to slip-and-fall cases such as this one:

> The [store owner] owed the [customer] the duty to exercise ordinary care toward [him] as its invitee upon its premises. In carrying out this duty it was required to have the premises in a reasonably safe condition for [his] visit; to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there; to warn the [customer] of the unsafe condition if it was unknown to [him], but was, or should have been, known to the [store owner].

*Id.* at 190.

There is no evidence in the record that the BX or one of its employees took an affirmative action that resulted in the clear liquid being spilled onto the floor. Therefore, it is "incumbent upon the plaintiff to prove that the defendant knew that [the hazard] was there, or, to show that the [liquid] had been there long enough that the defendant ought to have known of its presence, and in either event, failed to remove it within a reasonable time or to warn [her] of the danger." *See Id.*

Nothing in the evidence establishes, or even suggests, that the defendant in this case knew that the clear liquid upon which the plaintiff slipped was on the floor, nor that it had been there long enough that the defendant should have known of its presence. It is undisputed that the plaintiff, Ms. King, and another female bystander were the only other people in the restroom at the time of plaintiff's accident. *See* Anderson Dep. 157:24-158:24, Mar. 28, 2013, ECF No. 22

attach. 1. Neither the plaintiff nor Ms. King ever complained to any custodians or other BX staff members about any liquid on the floor of the women's restroom prior to the plaintiff's accident on June 30, 2011. The plaintiff herself testified that she did not complain to the custodian, Anthony Nettles, or any other BX employee about water on the floor of the restroom prior to June 30, 2011. Anderson Dep. 151:15-18. Ms. King testified that she had not complained to any BX management or staff. King Dep. 28:17-28:23, Mar. 28, 2013, ECF No. 22 attach. 2.

Last, the plaintiff has failed to depose any BX employee or present any other affirmative evidence that the defendant had actual knowledge of the presence of a hazardous liquid on the floor of the women's restroom. Absent any such evidence, the plaintiff cannot establish actual knowledge of a dangerous condition on the part of the United States.

In the absence of proof of actual notice, this Court must also consider the possibility of constructive notice. Under Virginia law, a plaintiff may establish constructive notice "by showing that the condition was noticeable and had existed for enough time to charge the store owner with notice of the hazardous condition." *Harrison v. The Kroger Co.*, 737 F. Supp. 2d 554, 558 (W.D. Va. 2010) (citing *Grim v. Rahe, Inc.*, 434 S.E.2d 888, 890 (Va. 1993), and *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 454 (4th Cir. 2004)). However, "if the evidence fails to show *when* a defect occurred on the premises, the plaintiff has not made out a *prima facie* case [of negligence]." *Grim* 434 S.E.2d at 890 (citing *Winn-Dixie Stores v. Parker*, 396 S.E.2d 649, 650 (Va. 1990)); *see also Abbott v. Kroger Co.*, 20 Fed. Appx. 201, 202 (4th Cir. 2001) (unpublished per curiam opinion).

Mere speculation about when a hazard originated is not sufficient to establish constructive notice. As the Supreme Court of Virginia concluded in *Colonial Stores*, "there is no evidence in this case that the [store owner] knew of the presence of the [foreign object] on the

floor, nor is there any showing of the length of time it may have been there. It is just as logical to assume that it was placed upon the floor an instant before the [customer] struck it as it is to infer that it had been there long enough that the [store owner] should, in the exercise of reasonable care, have known about it." *Colonial* Stores 125 S.E.2d at 190. "A plaintiff cannot be said to have made out a case for the jury when it is necessary for the jury to speculate or guess in order to allow her a recovery." *Great Atl. & Pac. Tea Co. v. Berry*, 128 S.E.2d 311, 313 (Va. 1962); *see also Harrison*, 737 F. Supp. 2d at 559 (holding that without evidence establishing the length of time that a puddle had been on a floor, a plaintiff cannot make out a *prima facie* case of negligence); *Winn-Dixie, Inc* 396 S.E.2d at 651 (holding that a court erred in submitting a case to a jury where a plaintiff failed to establish the length of time a hazard was present on a floor).

Courts have routinely granted summary judgment in similar cases. In *Turley v. Costco Wholesale Corp.*, 220 Fed. App'x 179 (4th Cir. 2007), the Fourth Circuit, applying Virginia law, affirmed summary judgment in favor of a store owner where the plaintiff offered no evidence to suggest that water had been pooling on the business premises for so long of a time that the defendant should have noticed it. *Id.* at 182 (unpublished per curiam opinion). Likewise, in *Jones v. J.C. Penney Corp., Inc.*, No. 6:12-cv-00010, 2013 WL 625720 (W.D. Va 2013), the Western District of Virginia, applying Virginia law, granted summary judgment where the plaintiff failed to provide any evidence that the defendant had either actual or constructive notice that water was present on the premises before the plaintiff slipped and fell. *Id.* at *6. Last, in *Harrison v. The Kroger Co.*, the Western District of Virginia, applying Virginia law, granted summary judgment where it found that the plaintiff failed to make any showing of the length of time a puddle had been on a floor prior to an accident. *Harrison*, 737 F. Supp. 2d at 560. The *Harrison* court justified the grant of summary judgment by pointing out that a jury could only arrive at the

6

conclusion that the defendant had constructive notice, "as the result of surmise, speculation and conjecture," and that, "Virginia law does not allow speculation on the issue." *Id.* (citing *Colonial Stores*, 125 S.E.2d at 190, and *Abbott*, 20 Fed. App'x at 202).

Turning to the facts of the instant case, the plaintiff fails to state a *prima facie* case of negligence because she does not establish when the pool of liquid first appeared on the women's restroom floor. Plaintiff made two visits to the restroom in question earlier in the day before the accident: once within a couple hours of her arrival to work at 9 a.m, and a second time around lunch. Anderson Dep. 142:16-20. Plaintiff testified that she was not aware of any water on the floor during these two visits. Anderson Dep. 142:21-24. As for her third visit, during which the fall occurred, the plaintiff herself admits that she did not notice any water on the floor, any overflowing or leaking toilets or sinks, or any leaks coming from the ceiling, despite having walked the full length of the room to reach the stall farthest from the door. Anderson Dep. 154:2-11. Last, Ms. King also disclaimed any knowledge of the restroom's condition prior to the plaintiff's accident. King Dep. 32:13-24.

The plaintiff and the only other witness deposed both lacked knowledge as to the condition of the women's restroom prior to the plaintiff's accident, and the plaintiff herself failed to notice any liquid on the floor upon entering and walking the length of the restroom just minutes before her fall. Accordingly, the plaintiff has failed to adduce sufficient evidence to establish when the pool of liquid first appeared or that the pool of liquid was present for enough time to charge the United States with constructive notice of its condition. *See Harrison*, 737 F. Supp. 2d at 558.

The plaintiff contends that the United States admitted actual notice of the hazard when it stated in the letter rejecting the plaintiff's administrative claim that, "our investigation

determined that about half an hour before you fell, the restroom floor had been mopped by Exchange personnel due to a water spill or overflow." Letter from Bradford S. Hunt, Chief, Gen. Torts Branch, U.S. Dep't of the Air Force, to Gail Pittman Anderson (Feb. 17, 2012), ECF No. 25 attach. 3. But the mere fact that an employee of the defendant had been in the same vicinity a short time prior to the accident is insufficient to establish constructive notice. *See Gauldin v. Virginia Winn-Dixie, Inc.*, 370 F.2d 167, 170 (4th Cir. 1996) (holding that evidence that an agent of the defendant swept the floor where the plaintiff fell twenty-five or thirty minutes prior to the plaintiff's accident was insufficient to establish constructive notice); *Logan v. Boddie-Noell Enter., Inc.*, No. 4:11-cv-00008 2012 WL 135284, at *8 (W.D. Va. 2012) (holding that evidence of a defendant's employee clearing snow from an entry-way between fifteen and forty-five minutes prior to an accident was insufficient to establish constructive notice). Therefore, Plaintiff's argument that actual notice can be established based on the Air Force letter rejecting her administrative claim is insufficient to create a genuine factual dispute with regard to the issue of notice. *See* Letter from Bradford S. Hunt to Gail Pittman Anderson, *supra*.

Next, the plaintiff alleges that the BX custodial staff was neglectful in its duties to regularly inspect the restroom and accordingly failed to discover the dangerous condition of the restroom until after the plaintiff's accident. In support of this assertion, Plaintiff points to her testimony that the custodian, Anthony Nettles, would regularly "pre-initial" worksheets that documented his inspection of the restrooms at fifteen minute intervals, but then he would fail to properly make his inspections as documented. Anderson Dep. at 176:1-177:25.

However, even assuming *arguendo* that this assertion is true, it is still not sufficient to establish that the United States had actual or constructive notice of a hazardous condition in the women's restroom. Again, Virginia law does not allow a plaintiff to avoid summary judgment by

asking the Court to rely on sheer speculation with regard to the issue of constructive notice. *See Berry*, 128 S.E.2d at 313; *Colonial Stores*, 125 S.E.2d at 190. As the United States points out, the plaintiff is first asking the Court to infer from a worksheet, without testimony by any witness with personal knowledge, that the BX required its employees to inspect the restrooms every fifteen minutes. Next, the Court is asked to simply assume that the pool of liquid was on the floor when the restroom was last inspected, or should have been inspected, prior to the plaintiff's last visit to the restroom. Last, the plaintiff asks the Court to assume that, had the BX staff actually inspected the women's restroom within fifteen minutes prior to the plaintiff's accident, they would have or should have noticed the liquid hazard on the floor. This is inference built upon pure speculation, forbidden by Virginia law. *Colonial Stores*, 125 S.E.2d at 190. It is also at odds with the plaintiff's assertion that she walked the full length of the restroom within minutes of her fall, yet failed herself to notice any kind of liquid on the floor. *See* Anderson Dep. 155:6-17. The plaintiff cannot rely on mere guess-work to avoid summary judgment.

As previously noted, the plaintiff bears the burden of proving that the defendant had actual knowledge of the liquid on the floor, or that it had been there long enough that the defendant, in the exercise of ordinary care, should have known about it and removed it. Based upon the evidence of record identified by the parties, the Court concludes that a reasonable jury would not have a legally sufficient basis to find in favor of the plaintiff under the standards set forth by the Supreme Court of Virginia in its *Murphy*, *Colonial Stores*, and *Winn-Dixie* decisions.

Accordingly, the Court will grant the defendant's motion for summary judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

IV.    **Conclusion**

For the foregoing reasons, the defendant's motion for summary judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure (ECF No. 21) is **GRANTED** and the Clerk is **DIRECTED** to enter judgment in favor of the defendant in this case.

**IT IS SO ORDERED.**

July   29 , 2013
Norfolk, Virginia

Robert G. Doumar
Senior United States District Judge

10